Filed 4/15/25  P. v. Stanley CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063765 |
| v. | (Super. Ct. No. 17NF2932) |
| WILLIAM DALE STANLEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed and remanded with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant William Dale Stanley appeals an order denying his petition for resentencing under Penal Code section 1172.75.[1] Pursuant to that section, resentencing generally is required when the defendant is serving a sentence for a judgment that includes a prior prison term enhancement under section 667.5, subdivision (b) (section 667.5(b)). Although Stanley's original judgment included such an enhancement, the enhancement was stricken on appeal. (*People v. Stanley* (Jan. 30, 2020, G056255) [nonpub. opn.] (*Stanley I*).) Therefore, Stanley is ineligible for resentencing, and we affirm the order denying his petition. However, we remand to permit the trial court to modify its minute order to properly reflect the judgment against Stanley.

PROCEDURAL BACKGROUND

In 2018, Stanley was convicted of two felony offenses and found to have suffered multiple prior convictions. He was also found to have served a prior prison term within the meaning of section 667.5(b), which was based on his commission of felony assault in an earlier case. The trial court sentenced Stanley to prison for 14 years and 4 months. In so doing, the court imposed a one-year enhancement for the prior prison term, but it then stayed execution of that punishment pursuant to section 654.

On appeal, we struck the prior prison term enhancement and ordered the trial court to amend the judgment accordingly. (*Stanley I, supra*, G056255.) On remand, the trial court complied with our order by issuing a new abstract of judgment that omits reference to the prior prison enhancement, which is the proper procedure when, as here, the enhancement has been fully stricken.

---

[1] All further statutory references are to the Penal Code.

Effective January 1, 2020, the Legislature limited the applicability of section 667.5(b) to prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) In light of that development, Stanley petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75. But because Stanley's prior prison term enhancement was stricken, the court determined he was ineligible for relief and denied his petition.

## DISCUSSION

Stanley contends the trial court erred in denying his resentencing petition. We disagree.

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess, supra*, 86 Cal.App.5th at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed for a nonsexually violent offense before 2020 is legally invalid. (§ 1172.75, subd. (a).) It also provides an ameliorative remedy when the defendant's judgment includes such an enhancement. Indeed, the statute *requires* the trial court to recall the defendant's sentence and resentence him in that situation. (*Id.*, subd. (c).)

3

In this case, however, we struck Stanley's prior prison term enhancement on the appeal from his original judgment, and, on remand, the trial court properly omitted the enhancement from the new abstract of judgment. Because the judgment did not include a section 667.5(b) enhancement at the time Stanley petitioned for resentencing, the trial court properly denied his petition. (*People v. Tang* (Mar. 18, 2025, D084192) ___ Cal.App.5th ____ [2025 Cal.App. Lexis 166].)

That said, one modification is in order. The trial court's minute order of the proceedings following our initial remand states the prior prison term enhancement was stricken for sentencing purposes only. But, in fact, we ordered the enhancement stricken altogether, which is why the amended abstract of judgment omits any reference to it. We therefore remand the matter to permit the trial court to modify the minute order to reflect the correct disposition of the enhancement. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts have the authority to correct clerical errors in the record to reflect the true nature of a case].)

## DISPOSITION

The postjudgment order denying Stanley's petition is affirmed. The matter is remanded with directions for the trial court to modify its minute order of May 14, 2020, to reflect Stanley's section 667.5(b) enhancement was stricken in its entirety.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

5